# United States District Court

**FILED** 8/29/05

WESTERN DISTRICT OF OKLAHOMA  AUG 2 9 2005

ROBERT D. DENNIS, CLERK
U.S. DIST. COURT, WESTERN DIST. OF OKLA.
BY_____ DEPUTY

UNITED STATES OF AMERICA

v.

ERIC S. H. HSIUNG,
ERIC CHEN,
RICHARD YOUNG KIM, and
TUYEN VU NGO

**CRIMINAL COMPLAINT**

CASE NUMBER: M-05-141-P

I, the undersigned complainant, being duly sworn state the following is true and correct to the best of my knowledge and belief. On or about August 25, 2005, in Canadian County, in the Western District of Oklahoma, defendants:

> knowingly and intentionally combined, conspired, confederated, and interdependently agreed together, with each other, to possess with intent to distribute a quantity (thousands of dosage units) of 3,4-methylenedioxymethamphetamine, (MDMA or ecstasy), a Schedule I controlled substance, in violation of Title 21, § 841(a)(1),

all in violation of Title 21, United States Code, Section 846.

I further state that I am a Special Agent of the Drug Enforcement Administration (DEA) and that this complaint is based on the following facts:

> See attached Affidavit of Special Agent Robert Ryan, DEA, which is incorporated and made a part hereof by reference.

Continued on the attached sheet and made a part hereof:    Yes ☒    No

_____
Signature of Complainant
Robert Ryan, DEA

Sworn to before me and subscribed in my presence, this 29th day of August, 2005 at Oklahoma City, Oklahoma.

GARY M. PURCELL
UNITED STATES MAGISTRATE JUDGE
Name & Title of Judicial Officer

_____
Signature of Judicial Officer

# AFFIDAVIT
# OF
# SPECIAL AGENT ROBERT RYAN
# DRUG ENFORCEMENT ADMINISTRATION

1.      I, Robert Ryan, being first duly sworn, do depose and state that: I am a Special Agent with the Drug Enforcement Administration (DEA), currently assigned to the DEA District Office in Oklahoma City, Oklahoma.  As such, I am an investigative and law enforcement officer of the United States authorized to conduct investigations of, and to make arrests and seizures for, offenses enumerated in the Controlled Substances Act Title 21, United States Code.

2.      I have been a law enforcement officer since 1987, and a DEA Special Agent (S/A) since January, 1997.  After successfully completing the DEA Basic Agent training academy at Quantico, Virginia, I was assigned to the Springfield, Missouri Resident Office from 1997 until 2001, when I transferred to the Oklahoma City, Oklahoma District Office.  Prior to becoming a DEA S/A, I was an officer with the Norman, Oklahoma Police Department, serving approximately three years as a patrolman and seven years as a narcotics investigator.  During my assignment to narcotics investigations, I was federally deputized on three occasions with DEA for specific Organized Crime Drug Enforcement Task Force investigations.  In June of 1993, I was deputized federally as a full-time Task Force Agent with the DEA Oklahoma City Resident Office.  I remained in that position until approximately December, 1996.  I have received specialized training in narcotics-related investigations, including 3,4-methylenedioxymethamphetamine, (MDMA or also commonly referred to as "ecstasy") related violations.  I am currently involved in the investigation of Eric S. HSIUNG, Eric CHEN, Richard Young KIM, Tuyen Vu NGO, and their associates, in conjunction with the Immigration and Customs Enforcement (ICE) and the DEA.  My knowledge of information contained in this

affidavit is from my discussions with other agents directly involved in the investigation, and the review of documents and reports related to this investigation. The facts contained in this affidavit are offered to establish probable cause, and do not represent every fact known to myself or other participating agents.

3. Agent Wall is assigned to the Interdiction Unit of OBN, and his duties include enforcing traffic laws, with a specific emphasis on identifying potential vehicles which may be transporting controlled dangerous substances or bulk currency generated from the drug business. Agent Wall has been a law enforcement officer for approximately six and a half years, and has been assigned exclusively to narcotics investigation with OBN since March 1999.

4. On August 25, 2005 at approximately 10:09 am, OBN Agent Troy Wall, was patrolling in a marked patrol unit on I-40 in Canadian County, Oklahoma. Agent Wall observed a silver 2003 Lincoln Navigator, bearing California license plate 5DCJ712, traveling Eastbound at approximately mile marker 113. Agent Wall conducted a traffic stop of this vehicle for improper tag display, pursuant to Oklahoma State statutes. The driver of the vehicle was identified as Eric HSIUNG. The passenger was subsequently identified as Eric CHEN. Agent Wall approached the vehicle, and immediately noted the odor of burned marijuana coming from the vehicle. Agent Wall recognized this odor from prior training and experience.

5. While initiating the traffic stop on the Lincoln Navigator, Agent Wall observed a second vehicle, a 1996 Honda Accord bearing California license plate 4YHK943, which appeared to be traveling with the Lincoln. As Agent Wall began to initiate the traffic stop on the Lincoln, the Honda began to drive erratically, in an apparent attempt to distract the officer from the Lincoln. Agent Wall communicated this over his police radio to OBN Agent Ronnie Jackson, who was also working nearby. Agent Jackson noticed this Honda had apparently made a U-turn at some point and

came back westbound on I-40.

6.	During the stop of the Lincoln, Agent Wall was in the process of issuing a warning for the tag violation, and during general discussion with the driver and passenger, Agent Wall noted a significant discrepancy in the story told by each individual regarding why they were traveling through Oklahoma, and where they were going. Specifically, the driver of the Lincoln told Agent Wall that they were traveling with the individuals in the Honda Accord, and that they planned to deliver the Honda Accord to relatives in the Oklahoma City area, then return to California with all four subjects (including the two from the Accord) in the Lincoln. The passenger in the Lincoln stated that they were traveling with the Honda, and they planned to visit Oklahoma City, but all subjects were going to return to California in both vehicles.

7.	While involved in the traffic stop of the Lincoln, Agent Wall determined from statements of the occupants in the Lincoln, that the occupants of the Honda Accord were definitely traveling with the Lincoln, specifically, HSIUNG stated that his drivers license was in the Honda Accord, and HSIUNG named the occupants of the Honda by name. Agent Wall contacted Agent Jackson via police radio, and requested that Agent Jackson initiate a traffic stop on this vehicle, due to its previous erratic behavior, traffic violations observed by Agent Wall, and the indications it was related to the vehicle, which Agent Wall had stopped.

8.	Agent Jackson subsequently stopped the Honda, and identified the driver of the Honda as Richard Young KIM and the passenger as Tuyen Vu NGO. Agent Jackson also detected the odor of burning marijuana from the Honda. The driver and passenger in the Honda denied any knowledge of the Lincoln or its occupants, stating that they were traveling to Dallas, Texas to attend a wedding. Agent Jackson advised Agent Wall of this fact.

9.	At this point, Agent Wall conducted a probable cause search of the Lincoln, due to his

observations, and the obvious odor of burning marijuana. Agent Wall subsequently located two bags in the rear of the Lincoln, which contained approximately thirty-nine bags of pills, which appeared to be consistent with what Agent Wall recognized as ecstasy (MDMA). Agent Wall placed the passenger in custody, then took the driver out of his patrol vehicle to place under arrest. Just prior to placing handcuffs on the driver of the Lincoln, the driver, Eric HSIUNG, made the spontaneous statement, "…what is it, X?". Agent Wall and I both know from training and experience that "X" is a common slang term for ecstasy (MDMA). Agent Wall subsequently conducted a field test on one of the pills, and it was positive for the presence of ecstasy (MDMA).

10. A subsequent inventory search of the Lincoln revealed what officers recognized from training and experience as a "joint" or marijuana cigarette, which was found in the backseat center console. Officers conducting this inventory, including OBN Agent Jorge Morales and Alex Poma, also noted the vehicle still smelled of the odor of marijuana. There was also marijuana residue located in the Black Honda Accord. There were also hand-held radios/walkie talkies found in both the Lincoln, and the Honda Accord. Both of the working radios were Uniden, and were tuned to the same radio frequency. Agents tested these radios, and determined that they were set to communicate between each radio on the same frequency, and were in working order. I also know from training and experience that this is a common tactic for smugglers/traffickers who utilize vehicles for smuggling narcotics across the United States.

11.  The total estimated weight of the pills contained in the thirty-nine plastic bags was approximately 136 pounds, which I know is a huge quantity of ecstasy, far too large to be utilized for personal use. From this significant weight, and the number of pills, estimated to be at least in the tens, if not hundreds, of thousands, I believe there is probable cause to establish that these drugs were possessed with the intent to distribute.

_____
Special Agent Robert Ryan
United States Drug Enforcement Administration

Subscribed and sworn to before me in my presence on this ___29th___ day of August, 2005.

_____
HONORABLE Gary M. Purcell
United States Magistrate Judge